**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| SIMONE GREGGS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 13-cv-1001 (RC) |
| | : | | |
| v. | : | Re Document No.: | 3 |
| | : | | |
| AUTISM SPEAKS, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

## I. INTRODUCTION

This litigation arises out of an employment discrimination and contract dispute between

the plaintiff, currently proceeding *pro se*, and her former employer. At the time of filing the

complaint, Allison M. Black-McIver was on record as counsel for the plaintiff. Since then

plaintiff has terminated Ms. Black-McIver as her counsel due to a disagreement over Ms. Black-

McIver's work in Plaintiff's case. Plaintiff now moves for an appointment of counsel. Because

the plaintiff has not sufficiently demonstrated her need for court-appointed counsel, the Court

will deny the motion without prejudice.

## II. FACTUAL BACKGROUND

On July 1, 2013, Simone Greggs (plaintiff) filed a complaint against her former

employer, Autism Speaks (defendant), alleging race discrimination under 42 U.S.C. §1981,

failure to accommodate and retaliation under the Americans with Disabilities Act, and breach of

contract under D.C. law. *See* Compl., ECF No.1. Allison Black-McIver was counsel of record for

Plaintiff at the time the complaint was filed. Ms. Greggs alleges that she had to borrow money

from a family member to pay for Ms. Black-McIver's initial services. *See* Pl's Mot. Appt.

Counsel, ECF No. 3.  Ms. Greggs terminated her relationship with Ms. Black-McIver on

September 8, 2013, alleging that Ms. Black-McIver was untimely and uncommunicative. Pl's.

Mot. Appt. Counsel, ECF No. 3.  Ms. Greggs now seeks court-appointed counsel, alleging in her

single-page motion that she "can't find anyone who will take" her case and that she is an

unemployed, full-time student at the University of Maryland University College.  *Id.*

## III.  COURT APPOINTMENT OF COUNSEL

### A.  Legal Standard

A civil plaintiff is not guaranteed counsel.  *See Gaviria v. Reynolds*, 476 F.3d 940, 943

(D.C. Cir. 2007).  However, federal courts are authorized by statute to "request an attorney to

represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (2006); *accord Willis v.

FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001).  In determining whether it is appropriate to appoint

counsel to a *pro se* litigant proceeding *in forma pauperis*,[1] courts in this district consider the

following factors:

> (i) the nature and complexity of the action;
>
> (ii) the potential merit of the *pro se* party's claims;
>
> (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
>
> (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

D.D.C. Civ. R. 83.11(b)(3); *Gaviria*, 476 F.3d at 943 (citing Rule 83.11 as "the appropriate

metric for evaluating appointment of counsel").

---

[1] The Court notes that Plaintiff has not moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In cases involving the causes of action Plaintiff asserts here, courts consider a slightly different set of factors: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984); *see also Robinson-Reeder v. Am. Council on Educ.*, 626 F. Supp. 2d 11, 16 (D.D.C. 2009) (Title VII); *Sconion v. Thomas*, 603 F. Supp. 66, 68 (D.D.C. 1984) (Title VII and Rehabilitation Act). The D.C. Circuit has noted that our "local rule differs only slightly from the *Poindexter* factors . . . ." *Willis*, 274 F.3d at 533. Because Plaintiff is currently proceeding *pro se*, the Court will construe her filings more liberally than it would the formal pleadings or legal briefs drafted by lawyers. *See Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 273 (D.D.C. 2012).

## B. Analysis

Plaintiff's single-page motion gives the Court very little information from which to evaluate whether Plaintiff should be appointed counsel. The motion states that Plaintiff has paid her previous counsel, Allison M. Black-McIver, all the money that she had, totaling $2900. Pl.'s Mot. Appt. Counsel, ECF No. 3. Plaintiff further states that she is "unable to find anyone who will take [her] case" and is currently an unemployed full-time student at the University of Maryland University College. These facts provide the Court with an insufficient basis to assess whether Plaintiff is able to afford counsel through other means, such as temporary income, savings, or by entering into a contingency arrangement. Although "a court should not insist that a plaintiff be destitute," *Poindexter*, 737 F.2d at 1186, a party seeking court-appointed counsel in a civil matter should present at least some evidence of financial need aside from the lack of a permanent job. Moreover, Plaintiff was able to afford the assistance of counsel to at least draft

the complaint. And at this early stage of the litigation, the Court has no way of assessing the merits of the plaintiff's case.

Plaintiff's brief also fails to describe the extent of her efforts (if any) to secure counsel. While Plaintiff's motion *implies* that she has tried and failed to obtain counsel, "the plaintiff's showing of diligence requires more than 'pass[ing] the matter over with . . . casual comment . . . .'" *Poindexter*, 737 F.2d at 1188 (first and second alterations in original) (quoting *Arnold v. Speedgrip Chuck, Inc.*, 524 F. Supp. 679, 682 (N.D. Ind. 1981)). The Court simply cannot assess Plaintiff's efforts without more information such as, for example, her number of contacts with potential counsel.

Finally, based on the filings she has made with the Court so far, Plaintiff appears capable of representing her interests without the assistance of counsel. The complaint appears as though it were drafted with the assistance of counsel and sets forth a cogent narrative of Plaintiff's allegations. Moreover, this case—which involves a fairly straightforward set of employment discrimination and contract claims—does not appear to involve any complex testimony, difficult legal issues, or unsettled law to such a degree that lawyering skills would be required at this juncture. *See id.* at 1189. The Court notes that plaintiff is a student at a well-known university and, as such, is likely capable of adequately setting forth her position without the aid of counsel. On balance, the Court does not find it appropriate to appoint counsel at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny without prejudice Plaintiff's motion to appoint counsel. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  October 22, 2013

RUDOLPH CONTRERAS
United States District Judge