UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIMONE L. GREGGS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 1:13-cv-01001 (RC) |
| | : | |
| v. | : | Re Document No.: 19 |
| | : | |
| AUTISM SPEAKS, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT AUTISM SPEAKS, INC.'S MOTION TO STRIKE PLAINTIFF GREGGS' SECOND AMENDED COMPLAINT

### I. INTRODUCTION

This action arises out of the Defendant's alleged violation of the "association provision" of the Americans with Disabilities Act ("ADA") of 1990. Since January 17, 2014, the Plaintiff has amended her complaint twice. The Defendant now seeks to have the Plaintiff's Second Amended Complaint stricken from the record. For the following reasons, this Court grants the Defendant's Motion to Strike.

### II. FACTUAL BACKGROUND

On July 1, 2013, the Plaintiff, Ms. Simone Greggs, filed a complaint asserting that the Defendant Autism Speaks, Inc. breached an employment contract with the Plaintiff and engaged in disability and race discrimination in violation of the ADA, 42 U.S.C. § 12101 (1990), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, respectively. *See* Compl. at 6-8, ECF No. 1. The Plaintiff's original claims stemmed from the Defendant's decision to rescind an offer of employment it had made to the Plaintiff. *See id.* at 5. The Plaintiff, an African-American woman

and mother to an autistic child, maintained that the rescission was a result of the Defendant's refusal to accommodate her request for a flexible work schedule necessary to tend to her autistic son's childcare needs. *See id*. at 6-8.

After the Defendant moved to dismiss all of the Plaintiff's claims on January 7, 2014, the Plaintiff filed an amended complaint on January 17, 2014, abandoning all of her previous accusations and asserting only a violation of the "association provision" of the ADA, 42 U.S.C. § 12112(b)(4) (1991). *See* Def.'s Mot. Dism., ECF No. 11; Am. Compl. at 3, ECF. No. 14. On February 3, 2014, the Defendant filed its Answer to the Plaintiff's Amended Complaint. Answer to Am. Compl., ECF No. 15. Then, without obtaining the Defendant's written consent or the court's leave, on March 17, 2014, the Plaintiff filed her Second Amended Complaint seeking to add a claim for promissory estoppel. *See* 2d Am. Compl. at 5, ECF No. 18. On March 28, 2014, the Defendant moved this Court to strike the Plaintiff's Second Amended Complaint. Def.'s Mot. Strike, ECF No. 19. That motion is now ripe for resolution.

### III. ANALYSIS

**A. The Court Declines to Strike the Plaintiff's Second Amended Complaint Based on Rule 15(a)**

The Defendant first argues that the Plaintiff's Second Amended Complaint must be stricken pursuant to Rule 15 of the Federal Rules of Civil Procedure due to the Plaintiff's failure to seek the Defendant's written consent or leave of court prior to amending her complaint for a second time. The Federal Rules of Civil Procedure allow a party to amend its initial pleading once as a matter of course so long as the party complies with certain filing requirements. *See* Fed. R. Civ. P. 15(a)(1). After the period during which a party may amend its pleading as a matter of course has elapsed, Rule 15 states that a "party may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added).

In this case, the Plaintiff filed her first amended complaint on January 17, 2014. *See* Am. Compl. This complaint was timely filed within 21 days of the Defendant's Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). On March 17, 2014, the Plaintiff filed her Second Amended Complaint. *See* 2d Am. Compl. Pursuant to Rule 15(a)(2), however, the Plaintiff was not entitled to submit this second amended complaint without first seeking the Defendant's written consent or leave from this Court. *See* Fed. R. Civ. P. 15(a)(2); *see also Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 683 F. Supp. 2d 1, 6 (D.D.C. 2010); *Pinson v. U.S. Dep't of Justice*, No. 12-1872, 2013 WL 5423107, at *5 (D.D.C. Sept. 30, 2013). Thus, the Plaintiff's Second Amended Complaint could be stricken from the record for failure to comply with Rule 15. *See Miski*, 683 F. Supp. 2d at 6; *Pinson*, 2013 WL 5423107, at *5.

The Plaintiff contends that the Court's Scheduling Order, which established a March 17, 2014 deadline for any amendments to the pleadings, granted her permission to amend her complaint for a second time. *See* Pl.'s Opp. to Def.'s Mot. Strike at 2-3, ECF No. 21; Sch. Order, ECF No. 17. While compliance with a scheduling order does not relieve a party of its duties to satisfy Rule 15's pleading requirements, this Court has denied motions to strike amended pleadings when a party intended to comply with, and did not cavalierly disregard, a scheduling order. *See Brooks v. Clinton*, 841 F. Supp. 2d 287, 297 (D.D.C. 2012) (denying a plaintiff's motion to strike an amended answer when the defendant simply misconstrued its obligations under the scheduling order and, upon that discovery, promptly cured that defect with an appropriate motion). The Plaintiff's reading of the Scheduling Order, although not the most reasonable one, is plausible. The Court, giving the Plaintiff the benefit of the doubt, declines to strike the Second Amended Complaint on this basis and turns its attention to whether the Second Amended Complaint properly states a claim.

## B. The Court Strikes the Plaintiff's Second Amended Complaint Based on Futility

The Defendant further argues that, even if the Plaintiff had sought the Court's leave to amend, her Second Amended Complaint should still be stricken because the amendment would be futile. Rule 15(a)(2) states that a court should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Although the grant or denial of leave to amend is within the discretion of the district court, "outright refusal to grant the leave without any justifying reason appearing for the denial is . . . merely abuse of that discretion . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny a motion to amend, however, if such amendment would be futile. *Id*; *see James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "does not test a plaintiff's likelihood of success on the merits; rather it tests whether a plaintiff properly has stated a claim." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion for failure to state a claim of promissory estoppel, a plaintiff "must show (1) a promise; (2) that the promise reasonably induced reliance on it; and (3) that the promisee relied on the promise to his or her detriment." *In re U.S. Office Products Co. Securities Litigation*, 251 F. Supp. 2d 77, 97 (D.D.C. 2003) (citing *Choate v. TRW, Inc.*, 14 F.3d 74, 77 (D.C. Cir. 1994)). The promise must also be definite, as reliance on an indefinite promise is not reasonable.

*Granfield v. Catholic Univ. of Am.*, 530 F.2d 1035, 1040 (D.C. Cir. 1976). Promissory estoppel, however, is not available in all circumstances: "District of Columbia law presupposes that an express, enforceable contract is absent when the doctrine of promissory estoppel is applied." *Bldg. Servs. Co. v. Nat'l R.R. Passenger Corp.*, 305 F. Supp. 2d 85, 95 (D.D.C. 2004) (citing *Int'l Bus. Mach. Corp. v Medlantic Healthcare Group*, 708 F. Supp. 417, 424 (D.D.C. 1989) (noting that "courts have held that an integrated written contract controls as against any and all prior inconsistent oral agreements or promises; such a contract nullifies the effect that promissory estoppel may otherwise have")).

In this case, the Plaintiff signed an offer of employment letter dated April 13, 2012 that represented the conditions of the Defendant's offer, including a stipulation that the Plaintiff was being employed as an employee-at-will. *See* Def.'s Mot. Strike Ex. C, ECF No. 19-1. In *Daisley v. Riggs Bank, N.A.*, a former bank employee brought suit against the bank for promissory estoppel, among other claims, following his termination by the bank. 372 F. Supp. 2d 61, 64 (D.D.C. 2005). The court held that the existence of a signed employment offer letter precluded the former bank employee's promissory estoppel claim because the offer letter was a completely integrated written agreement. *See id.* at 69-71. Similar to the bank employee in *Daisley*, the Plaintiff in this case signed an offer letter that set forth the Defendant's terms of employment. Because a "party cannot assert a promissory estoppel claim where there is an enforceable contract," *Bldg. Servs. Co.*, 305 F. Supp. 2d. at 96, the Plaintiff cannot bring forth her promissory estoppel claim. *See Parnigoni v. St. Columba's Nursery School*, 681 F. Supp. 2d 1, 26 (D.D.C. 2010) ("District of Columbia law is clear that promissory estoppel applies to arrangements only

where no written agreements exist."). The Plaintiff's Second Amended Complaint cannot survive a motion to dismiss: it is therefore futile.[1]

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Strike the Plaintiff's Second Amended Complaint is GRANTED. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: May 30, 2014
RUDOLPH CONTRERAS
United States District Judge

---

[1] The Defendant further argues that the Plaintiff's promissory estoppel claim fails because, although she has alleged detrimental reliance, she has not alleged any facts to support that claim. Although true, prior pleadings have indicated that the Plaintiff declined an employment opportunity with the Democratic National Committee as a result of Autism Speaks, Inc.'s offer of employment. Because the Court cannot determine whether the omission of this previously-raised allegation was strategic or due to error, the Court declines to strike the claim on this basis.